UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEPHEN HALL,

                Plaintiff,

v.                                                 Case No. 22-cv-901-pp

LT. BURGESS, C.O. HOLZHUETER, C.O. COWELL,
C.O. NEWKIRK, C.O. DOMURAT, C.O. HOSKINS,
C.O. PANKOW, C.O. HEDMAN, C.O. BUBOLTZ,
JOHN DOE, C.O. REUTER, DR. ENID TROTMAN,
JEAN HUMPHREY, JIM MATHEWS and C.O. YANG,

                Defendants.

## ORDER DISMISSING DEFENDANT JOHN DOE, DENYING AS MOOT DEFENDANTS HUMPHREY, MATHEWS AND TROTMAN'S MOTION TO COMPEL (DKT. NO. 38), GRANTING DEFENDANTS' MOTION TO DISMISS (DKT. NO. 41) AND DISMISSING CASE

On August 8, 2022, Stephen Hall—representing himself—filed a complaint under 42 U.S.C. §1983 alleging that the defendants had violated his constitutional rights when he was incarcerated at the Waukesha County Jail. Dkt. No. 1. At the time he filed the complaint, the plaintiff was incarcerated; on March 7, 2023, he was released on extended supervision. See https://appsdoc.wi.gov/lpp/details/detail (Stephen A. Hall). The court screened the complaint, dkt. no. 8, and on September 19, 2023, issued a scheduling order setting case deadlines, dkt. no. 37. The plaintiff has not complied with those deadlines. This order dismisses defendant John Doe, denies as moot the motion to compel filed by defendants Humphrey, Mathews and Trotman, dkt.

1

no. 38, and grants the defendants' motion to dismiss for failure to prosecute, dkt. no. 41.

## I. Defendant John Doe

The court's scheduling order included a deadline of December 20, 2023, by which the plaintiff was required identify the John Doe defendant. Dkt. No. 37 at 2. The order stated that the court might dismiss John Doe if the plaintiff did not identify him by December 20, 2023. Id. The plaintiff has not identified John Doe, nor has he provided any reason for failing to identify him. The court will dismiss defendant John Doe.

## II. Defendants' Motion to Dismiss for Failure to Prosecute (Dkt. No. 41)

On November 16, 2023, defendants Burgess, Holzhueter, Cowell, Newkirk, Domurat, Hoskins, Pankow, Hedman, Buboltz, Reuter and Yang ("County defendants") filed a motion to dismiss the case for failure to prosecute. Dkt. No. 41. The next day, defendants Humphrey, Mathews and Trotman ("Medical defendants") filed a motion to join the County defendants' motion to dismiss, dkt. no. 44; the court granted the Medical defendants' motion to join on November 20, 2023, dkt. no. 45. The court's order advised the plaintiff that his response to the defendants' motion to dismiss was due by the end of the day on December 7, 2023. Id. at 2. The court stated that if it had not received the plaintiff's response by that date, it would "resolve the motion without considering a response from the plaintiff," which meant that the court would "probably grant the motion and dismiss the plaintiff's case." Id. The December 7, 2023 deadline has passed and the court has not received any

response from the plaintiff. The court will resolve the motion to dismiss without input from the plaintiff.

The defendants have moved for dismissal under Federal Rule of Civil Procedure 41(b). Dkt. No. 42 at 2. They argue that the court should dismiss the case because they sent the plaintiff authorizations to obtain medical and other records and the authorizations were returned as undeliverable. Id. The defendants also state that the plaintiff has not recently updated his address with defense counsel and the court and that since the plaintiff's release from prison in early spring 2023, the plaintiff has not had any contact with defense counsel. Id. at 1-2. According to the defendants, without the information requested from the plaintiff, they cannot fully evaluate potential arguments for summary judgment. Id. at 3. They contend that the plaintiff's refusal to comply with his basic discovery obligations demonstrates an unwillingness to follow applicable rules and ask that the court dismiss the case with prejudice. Id.

Rule 41(b) states in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The defendants move for dismissal not only because the plaintiff has failed to respond to discovery requests but also because the documents they mailed to him have been returned as undeliverable.

When the plaintiff filed the complaint in August 2022, he was confined at Waupun Correctional Institution. Dkt. No. 1 at 7. After his release from prison, the plaintiff did not file a change-of-address notice or give the court (or

the defense) any information about his post-incarceration address. The last communication the court had from the plaintiff was on September 14, 2022, when it received the initial partial filing fee. The defendants were able to obtain an address for the plaintiff, because on October 27, 2023, they filed a certificate of service for the Medical defendants' motion to compel which shows that they served the plaintiff at an address in the city of Waukesha, Wisconsin. Dkt. No. 40. The certificate of service for the County defendants' motion to dismiss shows that they served that motion on the plaintiff at the same Waukesha address. Dkt. No. 43-2.

When the court issued its November 20, 2023 order advising the plaintiff of the deadline by which he must file his opposition to the motion to dismiss, the court mailed the order to the plaintiff at the Waukesha address—1104 E. Main Street, #4, Waukesha, Wisconsin, 53186. That order has not been returned as undeliverable and the court has no reason to believe the plaintiff did not receive it.

The court previously advised the plaintiff that it was his responsibility to notify the court if he was released from custody and that if he did not keep the court advised of his whereabouts the court might dismiss his case. Dkt. No. 8 at 13-14. The court's November 20, 2023 order advised the plaintiff of the deadline to respond to the motion to dismiss and warned him that it might dismiss the case if he didn't file a response. Dkt. No. 45. Because the court has not heard from the plaintiff in over a year, the plaintiff has not provided the court with his new address, the release authorizations the defendants sent the

plaintiff were returned to them as undeliverable and the plaintiff has failed to respond to the motion to dismiss, it appears that he no longer is prosecuting the case. The court will grant the defendants' motion to dismiss. See Shaffer v. Lashbrook, 962 F.3d 313, 315-16 (7th Cir. 2020). Because the court has granted the defendants' motion to dismiss, it will deny as moot the Medical defendants' motion to compel, dkt. no. 38.

III. Conclusion

The court **ORDERS** that defendant John Doe is **DISMISSED**.

The court **DENIES AS MOOT** the Medical defendants' (Humphrey, Mathews and Trotman) motion to compel. Dkt. No. 38.

The court **GRANTS** the defendants' motion to dismiss for failure to prosecute, which is filed on behalf of all remaining defendants. Dkt. No. 41.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a

5

Case 2:22-cv-00901-PP   Filed 12/27/23   Page 5 of 6   Document 46

motion *in this court.* See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed a "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 27th day of December, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

6

Case 2:22-cv-00901-PP   Filed 12/27/23   Page 6 of 6   Document 46